UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**CYNTHIE HUTCHINSON PINDER,**

    **Plaintiff,**

v.                                                     **Case No: 5:13-cv-296-Oc-22PRL**

**EXPRESS CARE OF BELLEVIEW, LLC**

    **Defendant.**

## ORDER

This case is before the Court for consideration of Plaintiff's Motion to Compel (Doc. 18), to which Defendant has responded (Doc. 19). For the reasons explained below, Plaintiff's motion is due to be denied.

### BACKGROUND

In this action, Plaintiff brings claims against Defendant, a medical care facility, under the Americans with Disabilities Act and the Florida Civil Rights Act. Plaintiff is a former employee of Defendant, and worked for approximately seven months until her termination on December 12, 2012. (Doc. 19, p. 1). Plaintiff alleges that she suffers from impairments constituting a disability, including end stage liver disease and other impairments, and that new management did not allow her accommodations that she previously had been granted, such as schedule flexibility. (Doc. 1, p. 2). She further alleges that she was hospitalized due to her disability, and was unlawfully terminated from her position. (Doc. 1, p. 3).

Defendant's position is that Plaintiff was terminated for poor attendance, and for issues related to a patient complaint regarding an incident that occurred on November 14, 2012. (Doc. 19, p. 1,2).

## DISCUSSION

Plaintiff moves to compel records sought in her Request to Produce No. 20, "All records pertaining to the alleged complaint related to Plaintiff which was allegedly discovered or reported on or around November 2012." (Ex. 1 to Doc. 18). Plaintiff acknowledges that Defendant has produced or agreed to produce "the Employee Warning Report to which the complaint is attached, the complaint itself, the Termination Report, Jennifer Mills' memo and Susy Lynn's To Whom it May Concern letters referring to the Complaint." (Ex. 1 to Doc. 18).

Plaintiff, however, seeks to compel additional documents, namely the complaining patient's medical chart. Plaintiff contends that the chart would include details such as whether the patient was seen by Plaintiff on the date alleged in the Patient Complaint, which tests were ordered and why, whether the patient's condition presented a particularly challenging circumstance, whether the patient had filed prior complaints, and other similar details. Plaintiff contends that the request for the medical chart is clearly directed to the discovery of information relevant to Plaintiff's claim that the stated reasons for her termination were pretextual. Plaintiff argues that confidentiality issues could be resolved via an appropriate confidentiality order.

Defendant argues that it has already produced all the relevant documents that are responsive to Plaintiff's request, and proffers that the medical chart makes no reference to the patient's complaint. (Doc. 19, p. 4). Defendant further contends that, before making the decision to terminate Plaintiff, her supervisor reviewed the patient's signed complaint, but did not review the patient's medical chart.

Indeed, courts must balance the right of a patient to privacy in his or her medical records against a party's need for discovery. *See United States v. Tolan*, 970 F.2d 1280, 1285 (3d Cir. 1992) ("individual's privacy interest in medical records must be balanced against the legitimate need of others in obtaining disclosure"). Courts are hesitant to permit the discovery of medical records of non-parties. *See Kapp v. Jewish Hospital, Inc.* 2011 WL 2669457 (S.D. Ohio July 7, 2010) (concluding that non-party patients' right to confidentiality outweighed plaintiff's need to access non-party patient medical records, where plaintiff sought records in employment case).

Here, the Court agrees that Plaintiff has not shown a compelling need for the patient's medical chart such that it outweighs the patient's privacy interest in his personal medical information. Plaintiff has already obtained numerous records related to the patient complaint at issue (including the patient complaint itself), and she could pursue countless other, less invasive, means of discovery. As Defendant suggests, Plaintiff could depose nurses, nursing supervisors, and the hospital's Human Resource Director. Specifically, Plaintiff's attempt to establish pretext could be accomplished in other less personally invasive means, such as through depositions of witnesses such as Office Manager Jennifer Mills, Nursing Supervisor Christina Owens, and Dr. Gilbert.

## CONCLUSION

Accordingly, upon due consideration, Plaintiff's Motion to Compel (Doc. 18), as well as her incorporated request for attorney's fees, is DENIED.

**DONE** and **ORDERED** in Ocala, Florida on November 14, 2013.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties